UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00110-GNS-RSE

GRAHAM PACKAGING COMPANY, L.P.                                    PLAINTIFF

v.

RING CONTAINER TECHNOLOGIES, LLC                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff/Counter-Defendant's Motion to Dismiss (DN 23). The motion is ripe for adjudication. For the reasons below, the motion is **GRANTED**.

## I.      BACKGROUND

Plaintiff/Counter-Defendant Graham Packaging Company, L.P. ("Graham") owns U.S. Patent Number 11,345,809 ("the Patent"), entitled *Oxygen Scavenging Compositions Requiring No Induction Period.* (Compl. ¶ 14, DN 1). Graham sent a letter through its agent in St. Louis, Missouri, to Defendant/Counter-Plaintiff Ring Container Technologies, LLC ("Ring") claiming that Ring infringed on the Patent. (Answer ¶ 68, DN 14; Answer Ex. A DN 14-1). Ring maintains a plant in Louisville, Kentucky, where Graham alleges the infringing product is manufactured. (Compl. ¶¶ 7, 13; Answer ¶ 13). Graham subsequently initiated this lawsuit, to which Ring answered and asserted two counterclaims for bad faith patent infringement based on Missouri and Tennessee law. (Compl.; Answer ¶¶ 101-11). Graham has moved to dismiss Ring's counterclaims. (Pl.'s Mem. Supp. Mot. Dismiss, DN 23-1 [hereinafter Pl.'s Mem.]).

## II.      JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C § 1331 as this case involves a federal question.  The Court has supplemental subject matter jurisdiction over Defendant's state law counterclaims arising from the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## III.      STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[]," accepting all of the plaintiff's allegations as true.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted).  Under this standard, a plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint falls short if it "pleads facts that are merely consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.* at 678-79 (internal quotation marks omitted) (citations omitted).  The allegations must "show[] that the pleader is entitled to relief." *Id.* at 677-78 (internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.      DISCUSSION

Graham moves to dismiss Ring's counterclaims on three bases:  (i) Kentucky law does not recognize a claim for bad faith patent infringement assertions; (ii) Ring's counterclaims are preempted by federal law; and (iii) Ring has failed to state a claim under both Missouri and

Tennessee law.  (Pl.'s Mem. 1-2).  Because the first argument is dispositive, it is unnecessary to reach the others.

"A federal court exercising supplemental jurisdiction is bound to apply the law of the forum state, including its choice of law rules." *Menuskin v. William*, 145 F.3d 755, 761 (6th Cir. 1998) (citation omitted).  Under Kentucky law, "[t]he applicable choice-of-law rule depends on whether the claim sounds in tort or contract." *Mem'l Hall Museum, Inc. v. Cunningham*, 455 F. Supp. 3d 347, 358 (W.D. Ky. Apr. 17, 2020) (citing *Sierra v. Williamson*, No. 4:10-CV-00079-TBR, 2013 WL 3456988, at *2 (W.D. Ky. July 9, 2013)).  "Kentucky courts 'are very egocentric or protective concerning choice of law questions.'" *Id.* (footnote omitted) (citing *Paine v. La Quinta Motor Inns, Inc.*, 736 S.W.2d 355, 357 (Ky. App. 1987)); *see also State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 849 F.3d 328, 331 (6th Cir. 2017) (noting that "there is a 'provincial tendency in Kentucky choice-of-law rules.'" (quoting *Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000))).

Kentucky courts apply Kentucky law to tort claims so long as Kentucky "has enough contacts to justify applying Kentucky law" without any weighing of interests.  *Mem'l Hall Museum*, 455 F. Supp. 3d at 358 (internal quotation marks omitted) (quoting *Arnett v. Thompson*, 433 S.W.2d 109, 113 (Ky. 1968)).  "For a tort action, if there are 'significant contacts—not necessarily the most significant contacts—with Kentucky,' the Kentucky law should be applied." *Id.* (quoting *Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972)).  In determining whether any significant contact exists, courts may consider "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Novadx Ventures, Corp. v. Gress Eng'g, P.C.*, No.12-78-

3

GFVT, 2013 WL 794375, at *3 (E.D. Ky. Mar. 4, 2013) (quoting Restatement (Second) of Conflict of Laws § 145 (Am. L. Inst. 1971)).[1]

In this instance, Ring's counterclaims sound in tort, so under Kentucky's choice of law rules, Kentucky law will apply if there is *any* significant contact with Kentucky. *Mem'l Hall Museum*, 455 F. Supp. 3d at 358. Graham asserts that Ring's counterclaims have a significant contact with Kentucky because Kentucky courts have personal jurisdiction over Ring, bolstered by the fact that Ring manufactures the allegedly infringing product in Kentucky. (Pl.'s Mem. 9-10). Graham contends that because Kentucky does not recognize a tort claim for bad faith patent assertions, Ring's counterclaims must be dismissed. (Pl.'s Mem. 10). Ring counters that its claims are compulsory counterclaims under Fed. R. Civ. P. 13(a), and that it would be a violation of the Full Faith and Credit clause of the Constitution to deprive Ring of the opportunity to bring these claims. (Def.'s Resp. Pl.'s Mot. Dismiss 5-6, DN 32); U.S. Const. art. IV, § 1. Ring further argues, constitutional concerns aside, that under Kentucky's choice of law rules Ring's counterclaims do not have any significant contacts with Kentucky. (Def.'s Resp. 9-10).

A sister court examined a similar issue in *Novadx Ventures v. Gress Engineering*, where two Canadian corporations sued a Virginia corporation and its principal in federal court in Kentucky for negligently assessing coal reserves on property the Canadian corporations sought to purchase in Kentucky. *Novadx*, 2013 WL 794375, at *1-3. The Virginia corporation asserted a counterclaim for civil conspiracy under a Virginia statute based on the plaintiffs' failure to purchase the subject coal interests. *Id.* The court conducted a choice of law analysis and found

---

[1] As the court noted in *Novadx*, these factors are mentioned by the Restatement in the context of the "most significant relationship" test used by some jurisdictions but are nonetheless instructive concerning assessment of a significant relationship under choice of law analysis. *Novadx*, 2013 WL 794375, at *3 n.1.

4

that there was a significant contact with Kentucky because the Kentucky coal reserves were the "*sine qua non*" of the action. *Id.* at *3. The court then dismissed the Virginia law counterclaims. *Id.*

Applying the Restatement factors to the instant case, there is no dispute that neither the injury nor the conduct causing the injury underlying Ring's counterclaims occurred in Kentucky because Defendant alleges that the letter wrongfully asserting patent infringement was written in Missouri and sent to Defendant in Tennessee. (Answer ¶ 70). Further, like in *Novadx*, neither party is a resident of Kentucky. (Compl. ¶¶ 9-10; Answer ¶¶ 9-10). The last factor, however, is dispositive: like the coal mines in *Novadx*, "the *sina qua non* of this action" is Ring's manufacturing operation in Kentucky. *Novadx*, 2013 WL 794375, at *3. Ring's conduct in Kentucky is clearly central to the relationship between the parties because it is where Ring allegedly manufactures the product that Graham claims infringes its Patent. This manufacturing activity in Kentucky is the crux of Graham's claim. Therefore, under Kentucky's "egocentric" choice of law rules, Ring's manufacture of the allegedly infringing product in Kentucky constitutes a significant contact requiring application of Kentucky law. Ring's counterclaims rely on Tennessee and Missouri statutes, which are not recognized under Kentucky law.

Ring's constitutional argument is similarly unpersuasive. The Supreme Court has been clear that the Full Faith and Credit Clause "does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." *Franchise Tax Bd. of Cal. v. Hyatt*, 538 U.S. 488, 494 (2003) (internal quotation marks omitted) (quoting *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722 (1988)). Kentucky is clearly capable of enacting statutes providing a cause of action for asserting patent infringement claims in bad faith. Indeed, as both parties recognize, the Kentucky legislature considered and ultimately chose

not to pass such legislation.  (Pl.'s Mem. 7; Def.'s Resp. 6).  The Full Faith and Credit Clause does not require Kentucky to enforce causes of action that its legislature has declined to recognize.

Accordingly, Ring's counterclaims fail to state a claim under Kentucky law.  Therefore, Graham's motion to dismiss is granted.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss (DN 23) is **GRANTED**, and Defendant's counterclaims are **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

December 5, 2023

cc:    counsel of record